UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DESMOND WITHERSPOON,<br><br>Plaintiff,<br>v.<br><br>JONES OF ONE STOP CAREER CENTER NEWARK, N.J.,<br><br>Defendant. | Civil Action No. 14-6094 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

This matter comes before the Court on the application filed by Plaintiff Desmond Witherspoon ("Plaintiff" or "Witherspoon") to proceed in forma pauperis without prepayment of fees, pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for in forma pauperis status pursuant to 28 U.S.C. § 1915 and will direct that the Complaint be filed. However, for the reasons set forth below, the Complaint must be dismissed.

Because Plaintiff proceeds pro se, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). Yet under 28 U.S.C. § 1915, which governs proceedings filed in forma pauperis, the Court must examine the merits of the claims asserted and dismiss a case if it determines that the action cannot or should not proceed. The statute provides as follows:

> [T]he court shall dismiss the case at any time if the court determines that –
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal –

2

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Plaintiff's one-page Complaint states only that Witherspoon's "cause of action" is for "Harassment" and demands $5,000. No additional information is provided. The standard of review for dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court cannot draw such an inference from the Complaint here. Witherspoon alleges no facts concerning the actions of Defendant, identified only as "Jones of One Stop Career Center Newark, N.J." nor how such actions violated the law or Witherspoon's rights.

For these reasons, the Court will permit Plaintiff's Complaint to be filed without prepayment of the filing fee but will simultaneously order it to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order will be filed.

                                                              s/Stanley R. Chesler
                                                              STANLEY R. CHESLER
                                                              United States District Judge

Dated: October 20, 2014